UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES EARL GRAY, JR., | |
|                 Petitioner, | Case No. C19-1623-JLR-MAT |
|     v. | REPORT AND RECOMMENDATION |
| TULALIP TRIBAL COURT, | |
|                 Respondent. | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner James Gray is currently confined at the Snohomish County Jail in Everett, Washington. He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, by way of the instant petition, seeks relief from a 2019 judgment and sentence of the Tulalip Tribal Court. The Tulalip Tribal Court and Snohomish County have both filed answers to the petition. Petitioner has not filed any response to those answers. This Court, having reviewed petitioner's petition, the answers submitted by the Tulalip Tribal Court and by Snohomish County, and the balance of the record, concludes that petitioner's petition and this action should be dismissed for want of jurisdiction.

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

FACTUAL/PROCEDURAL BACKGROUND

On July 30, 2019, the Tulalip Tribes[1] (the "Tribes") charged petitioner in the Tulalip Tribal Court with one count of Violation of a No-Contact Order – Third or Subsequent Offense, under cause number TUL-CR-DV-2019-0837. (Dkt. 15, Ex. 1.) Petitioner, a non-Indian, was prosecuted by the Tribes in accordance with the Violence Against Women Reauthorization Act of 2013 ("VAWA") which authorizes tribal courts to "exercise special domestic violence criminal jurisdiction" over certain domestic violence offenses committed by a non-Indian against an Indian. Pub. L. 113–4, § 904, 127 Stat. 120–122 (codified at 25 U.S.C. § 1304); *see also* Tulalip Tribal Code (TTC) 4.25.040.  The Tribes alleged in the criminal complaint that petitioner knowingly violated two domestic violence no-contact orders when he contacted a protected party by telephone while the protected party was at her residence on the Tulalip Indian Reservation.  (*Id*.)  The domestic violence no-contact orders violated by petitioner were post-conviction orders entered in two other Tulalip Tribal Court criminal cases, TUL-CR-DV-2018-0192 and TUL-CR-DV-2018-0320.  (*Id*., Exs. 2, 3.)

On September 25, 2019, petitioner entered a guilty plea to the charged offense and he was sentenced to 1095 days in jail with all 1095 days suspended. (*Id*., Exs. 5, 6.)  On September 30, 2019, the Tribal Court released petitioner under case TUL-CR-DV-2019-0837 pursuant to his plea agreement. (*Id*., Ex. 7.)  Petitioner did not appeal the judgment and sentence he seeks to challenge in this action.

Petitioner signed his federal habeas petition on October 4, 2019, and the Court received the petition for filing on October 9, 2019.  (Dkt. 12.)  Petitioner identifies two grounds for relief in his

---

[1] The Tulalip Tribes is a federally recognized Indian tribe.  84 Fed. Reg. 1200, 1204 (Feb. 1, 2019).

REPORT AND RECOMMENDATION
PAGE - 2

petition: (1) the Tribes had no jurisdiction to prosecute him because he is a United States citizen and was not on the Tulalip Reservation at the time of the alleged crime, and (2) the Tulalip Tribal Court abused its authority when it convicted him without any proof that he or the protected party was on Tribal land at the time of the alleged crime. (*See id*. at 5-7.) Petitioner indicates in his petition that he did not appeal his conviction, nor has he previously attempted to challenge his conviction in any other fashion. (*See id*.)

## DISCUSSION

Respondent Tulalip Tribal Court asserts in its answer to petitioner's federal habeas petition that the petition should be dismissed for a number of reasons, including that (1) this Court lacks subject matter jurisdiction under § 2254 because petitioner is challenging a judgment of a tribal court and not a judgment of a state court, (2) the Tribal Court is not the proper respondent and sovereign immunity bars petitioner's claims against it, (3) this Court lacks subject matter jurisdiction under 25 U.S.C. § 1303 because petitioner is not being detained pursuant to the challenged judgment, and (4) petitioner failed to exhaust his tribal court remedies before filing his federal habeas petition. (Dkt. 15.) Snohomish County also argues in its answer that the petition should be dismissed but confines its argument to petitioner's failure to exhaust available remedies in the Tulalip Tribal Court. (Dkt. 16.)

### Jurisdiction

Petitioner brings this action under 28 U.S.C. § 2254. However, subject matter jurisdiction under § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Because petitioner seeks to challenge the judgment of a tribal court and not a state court, this Court lacks jurisdiction under § 2254 to consider the petition. The sole federal remedy available to a criminal defendant seeking to challenge the legality of his detention by an

REPORT AND RECOMMENDATION
PAGE - 3

Indian tribe is that provided by the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1303. However, it would serve no purpose to construe the instant petition as one brought under § 1303 because this Court would still lack jurisdiction to consider it.

Section 1303 specifically provides that a writ of habeas corpus is available to any person "to test the legality of his detention by order of an Indian tribe." Unlike the "in custody" provisions of other federal habeas statutes which are interpreted expansively and do not require actual physical confinement, the "detention" provision of § 1303 does require "physical confinement." *Tavares v. Whitehouse*, 851 F.3d 863, 871-73 (9th Cir. 2017); *see also id*. at 876-77 ("We view Congress's choice of "detention" rather than "custody" in § 1303 as a meaningful restriction on the scope of habeas jurisdiction under the ICRA.") While petitioner is currently confined at the Snohomish County Jail, he is not confined pursuant to the Tribal Court order he seeks to challenge in the instant habeas action but is instead confined pursuant to an order of commitment issued by the Tulalip Tribal Court in a separate case, TUL-CR-DV-2018-0192. (*See* Dkt. 16 at 3 nn.2-3.) Because petitioner is not currently detained pursuant to TUL-CR-DV-2019-0837, this Court lacks jurisdiction under § 1303 to consider the petition.

## Exhaustion

Even assuming petitioner's present confinement were sufficient to bring him within the scope of § 1303, his claims are not eligible for federal habeas review at this time. It is well established that exhaustion of tribal court remedies is a prerequisite to a federal court's exercise of jurisdiction. *Alvarez v. Lopez*, 835 F.3d 1024, 1027 (citing *Grand Canyon Skywalk Dev., LLC v.*

*'Sa' Nyu Wa Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013)).[2]  In order to satisfy the exhaustion requirement, a criminal defendant must pursue a direct appeal in the tribal court.  *See id.* (citing *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010).  Petitioner makes clear in his petition that he made no attempt to appeal his conviction in the Tulalip Tribal Court.

There are four recognized exceptions to the requirement that tribal court remedies be exhausted, including where: (1) an assertion of tribal court jurisdiction is motivated by a desire to harass or is conducted in bad faith; (2) the tribal court action is patently violative of express jurisdictional prohibitions; (3) exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction; or (4) it is plain that tribal court jurisdiction is lacking.  *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 847 (9th Cir. 2009) (citing *Nevada v. Hicks*, 533 U.S. 353, 369 (2001)).  Nothing in the record suggests that any of these exceptions apply in this case.  Because petitioner failed to exhaust his claims in the Tribal Court, his claims would not be eligible for review here even if this Court had jurisdiction over the petition.[3]

## Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).

---

[2] As the Ninth Circuit explained in *Alvarez*, "The exhaustion doctrine is rooted in our respect for tribal sovereignty:  We are loath to second guess a tribe's handling of a criminal case unless and until the tribe has had a fair opportunity to review the matter in its own appellate courts."  *Alvarez*, 835 F.3d at 1027.

[3] As the Court clearly lacks jurisdiction over the petition, and as petitioner's claims are clearly unexhausted, the Court need not address the Tulalip Tribal Court's sovereign immunity argument.

REPORT AND RECOMMENDATION
PAGE - 5

A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus be dismissed for want of jurisdiction. This Court also recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 10, 2020**.

DATED this 12th day of June, 2020.

Mary Alice Theiler
United States Magistrate Judge